MATÍAS SUAU BALLESTER, Plaintiff and Appellee, *v.* ANDRÉS POL SERRANO, Defendant and Appellant.

No. 7079.   Argued March 18, 1937.—Decided April 30, 1937.

*Luis Mercader* for appellant. *Juan B. Soto, Juan F. Soto,* and *Enrique Igaravídez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Matías Suau, represented by his tutor Fernando Suau, brought, in the District Court of Aguadilla, on June 12, 1933, an action of unlawful detainer against Andrés Pol. The defendant filed a demurrer and an answer, and after hearing the evidence, the court, on July 31, 1933, rendered judgment sustaining the complaint.

The defendant appealed to this Supreme Court and the district court, on August 11, 1933, dismissed his appeal because the bond was not given within five days as required by law. He petitioned one of the justices of this Supreme Court sitting as Acting Judge in vacation (*Juez de Turno*) for a writ of certiorari and, after a hearing of said petition with the intervention of the other party in the unlawful detainer proceeding, said Acting Judge in vacation annulled the order of the district court of August 11, 1933.

The plaintiff in the action of unlawful detainer appealed from the decision of the Acting Judge in vacation to the full bench of this court, and the appeal was decided on April 11, 1935. From the opinion rendered accordingly the following is transcribed:

"We think that the appellant, from whom the law requires a bond on appeal, has the primary duty of filing a bond which fulfills the legal requirements, since otherwise he runs the risk of losing his rights. . . . In any event, although the order of the court of August 11 might be considered as tardy, even if such error existed, the plaintiff would not be responsible for this error of the court. We have already shown that the plaintiff was in no sense at fault. However, the order appealed from creates a situation in which the appeal may be prosecuted without bond, since, according to the documents presented by the plaintiff, although we decide nothing with respect to them at this time, the sureties do not have property sufficient to guarantee the payment of $5,000.

"In spite of what we have said, we believe that the defendant had a right to be heard before refusal to approve the bond, so that he might have an opportunity to show that not only was it properly

drafted, but also that his sureties own properties to respond for the obligation which they undertook, notwithstanding the documents presented by the plaintiff. For this sole reason, and for such pur-pose, the order of the district court of August 11, 1933, must be vacated, and the judgment appealed from which we are deciding, to that extent modified." *Pol* v. *District Court,* 48 P.R.R. 367, 372–374.

The case was remanded to the district court, and the latter, on April 25, 1935, issued an order setting the sixth day of the following May "to hear the defendant before refusing to approve the bond, in order that he may have an opportunity to prove not only that the same is properly drafted but also that his sureties have sufficient properties to cover the obligation contracted by virtue thereof."

The defendant only filed a writing attacking the order of the court, and the latter, on May 10, 1935, rendered a decision which concludes as follows:

"The court, after having considered carefully the objections raised by the defendant, overrules the same, and the latter having failed to appear and not having proved in any manner that his bond is properly drafted and that his sureties have sufficient properties to cover the obligation contracted by virtue of said bond, declares that the same can not be approved and in virtue thereof, it dismisses the appeal taken from said judgment."

The appeal we are now considering was taken from that decision and the hearing took place on March 18 last, with the appearance of appellee only.

The appellant in his brief assigns two errors. By the first it is maintained that the district court acted without jurisdiction in the matter, and by the second that the second paragraph of section 12 of the Act of Unlawful Detainer is unconstitutional.

Let us examine the question of jurisdiction. Appellant maintains that, as an appeal in cases of unlawful detainer in accordance with section 11 of the law on the subject—section 630 of the Code of Civil Procedure, 1933 ed.,

p. 259—must be taken within the period of five days, and as his bond was filed within said period and the order of the district court of August 11, 1933, dismissing his appeal on the ground of the insufficiency of the bond, had been reversed by the decision of the Acting Judge in vacation in the certiorari proceeding which this court affirmed, the district court lacked jurisdiction to investigate again the sufficiency of the bond.

We do not agree. When the Supreme Court decided the appeal from the decision of the Acting Judge in vacation rendered in the certiorari proceeding, it expressly declared that the only right it recognized in favor of defendant and which had been impliedly denied to him by the district court was that of being heard before the approval of the bond was refused, in order that he would have an opportunity to show that not only was said bond properly drafted but also that the sureties had sufficient properties to assume the obligation, and said right was fully recognized by the order of May 10, 1935, from which defendant now appeals.

Where the bond is filed in time, the decision as to its sufficiency when attacked is not a question which necessarily must be decided within the period of five days. It is the duty of appellant to furnish within said period a sufficient bond. If the bond when attacked is held to be good, it remains effective; if it is held to be invalid, it becomes nonexistent, and a new term can not be allowed to furnish another in its place, which is what in fact was decided by the case of *Figueroa et al.* v. *Sepúlveda,* 24 P.R.R. 645, cited by appellant, to wit:

"An appeal in an action of unlawful detainer should be interposed within five days from the date of the judgment, and when the action is based on the expiration of the term of the lease it is an indispensable requisite for taking an appeal that security be given to cover damages and the costs of the appeal, which security must be given within the time allowed for taking the appeal."

"A municipal court has no jurisdiction to rule in an action of unlawful detainer that security given for an appeal is null and void, to allow the defendant time to give new security in the proper form and to approve the latter after the expiration of the time within which the security should have been given.

"Section 140 of the Code of Civil Procedure does not authorize any court to change jurisdictional periods."

■ Having decided the first assignment, we will proceed to study and decide the second. By it, it is claimed that the second clause of section 12 of the Unlawful Detainer Act of 1905, which appears as section 631 of the Code of Civil Procedure, 1933 ed., is unconstitutional. Said section provides:

"Section 631.—Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

Appellant admits that the Legislature had a reason to distinguish between plaintiff and defendant in so far as the case referred to in the first clause of said section is concerned, but he maintains that the distinction contained in the second clause is unconstitutional, as it is discriminatory and abusive against the defendant.

In support of his contention the appellant makes the following citation from Corpus Juris:

"Statutes allowing the recovery of attorney's fees as part of a judgment do not contravene the equal protection guaranty, where such recovery is allowed without discrimination against the losing party, whether plaintiff or defendant. Statutes which allow such a recovery to plaintiff, but not to defendant, are in general void as denying the equal protection of the law." 12 C. J. 1177.

The law in Puerto Rico makes no distinction as to the right to recover costs and attorney's fees in unlawful detainer proceedings. Both parties have the same rights. The difference which appears is as to the security for the payment of costs in cases of appeal. This being so, the jurisprudence cited is not applicable.

The difference made by the law is in our judgment a reasonable one, because the plaintiff who appeals remains in the same position and he only submits the determination of his right to another court. He is placed in the same position as all other appellants and appellees in ordinary civil cases from whom at present no bond is required in order to appeal. On the contrary, the defendant in an unlawful detainer, which is a summary proceeding that can only be prosecuted by the person with a clear right to enjoy the property, when said right is recognized by the lower court and the defendant appeals, the latter remains in the possession and enjoyment of the immovable. It should not be overlooked that the right to appeal is not an absolute right, but is granted by the Legislature to correct errors which may have been committed after the parties have been given their day in court, and that the courts have held, to quote from the text of Corpus Juris, that:

"Under its general authority to regulate appellate procedure the legislature has the power to require the giving of a bond or undertaking as a condition precedent to the right to appeal or sue out a writ of error, unless such power is clearly excluded by the constitution. Such statutes do not violate constitutional provisions granting the right of appeal, as they do not restrict or deny the right, but merely regulate the manner of exercising it. Nor do they violate constitutional provisions that all laws relating to courts shall be general and of uniform operation, or provisions that all courts shall be open, and that every person, for an injury done him in his lands, goods, or reputation, shall have a remedy in due course of law, and justice administered without denial or delay; nor are they in the nature of class legislation." 3 C. J. 1108.

For the reasons stated, and as none of the errors assigned have been committed, the appeal must be dismissed and the judgment appealed from, affirmed.